1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    MANINDER KAUR,                              Case No. 1:22-cv-0697 JLT CDB

12              Plaintiff,                        ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS, DENYING
13         v.                                     PLAINTIFF'S MOTION FOR SUMMARY
                                                  JUDGMENT, AND AFFIRMING THE
14    KILOLO KIJAKAZI,                            ADMINISTRATIVE DECISION DENYING
      Acting Commissioner of Social Security,     PLAINTIFF'S APPLICATION FOR
15                                                BENEFITS

16              Defendant.                        (Docs. 17, 23 and 24)

17         Plaintiff seeks judicial review of the administrative decision denying her application for a

18    period of disability and disability insurance benefits under Title II of the Social Security Act.

19    (Doc. 17.)  Plaintiff contends the administrative law judge erred in finding her depression and

20    anxiety were "non-severe" at step two of the sequential evaluation, and the ALJ's rejection of a

21    mental residual functional capacity identified by Dr. Livesay was improper.  (*See id.* at 2, 6-20.)

22    The Commissioner contends the Court should affirm the administrative decision.  (Doc. 23.)

23    **I.        Findings and Recommendations**

24         The assigned magistrate judge determined that "the ALJ did not have a duty to further

25    develop the record because the record was neither ambiguous nor inadequate to allow for proper

26    evaluation of the evidence." (Doc. 24 at 9.)  The magistrate judge found: "the record was

27    sufficiently well developed by Dr. Pannu's treatment notes to enable the ALJ to independently

28    ascertain Plaintiff's treatment history.  Evidence of conservative treatment is a valid basis for

1    rejecting a Plaintiff's claims of severe impairment." (*Id.*, citing *Tommasetti v. Astrue*, 533 F.3d

2    1035, 1039-1040 (9th Cir. 2008).)  In addition, the magistrate judge found the ALJ properly

3    evaluated the supportability and consistency factors in analyzing the opinion of Dr. Livesay, and

4    the rejection of the opinion was "supported by substantial evidence." (*Id.* at 11-12.)  In so

5    finding, the magistrate judge observed: "It was reasonable for the ALJ to discount Dr. Livesay's

6    opinion, particularly because Dr. Pannu, Plaintiff's PCP who monitored Plaintiff's depression for

7    over a year after Dr. Livesay's report, regularly documented that Plaintiff denied anxiety and

8    depression and did not take any medications for her conditions." (*Id.* at 12.)  Therefore, the

9    magistrate judge recommended Plaintiff's motion for summary judgment be denied, and the

10   Commissioner's cross-motion be granted.  (*Id.*)

11   **II.      Objections and Response**

12          Plaintiff filed timely objections, asserting the Court should not adopt the Findings and

13   Recommendations.  (Doc. 25.)  Plaintiff asserts the magistrate judge erred in relying on

14   *Tomassetti*, because "[i]n *Tomasetti*, the issue was whether the ALJ had provided the requisite

15   'clear and convincing' evidence to reject the plaintiff's symptomology given her 'conservative

16   treatment' and failure to take medication, at later steps of the sequential evaluation." (*Id.* at 6-7.)

17   Plaintiff contends "both the Magistrate Judge and the ALJ fail to address the well-supported

18   argument that Ms. Kaur was suffering from significant confusion stemming from either or both

19   her psychiatric impairment and/or a language limitations which could explain her failure to seek

20   further treatment or her confusion over whether she was taking medications." (*Id.* at 9.)  Plaintiff

21   maintains the ALJ erred by not developing the record, which she maintains was ambiguous in

22   light of conflicting evidence: namely, that Plaintiff denied depression and anxiety symptoms and

23   was not seeking additional psychiatric treatment, but also testified at the hearing that she was

24   taking medication for depression.  (*Id.* at 10-13.)  In addition, Plaintiff maintains the ALJ erred in

25   evaluating the opinion of Dr. Livesay, stating:

26              It is conceivable that Ms. Kaur was not taking medication during the
                three routine physical examinations occurring over the course of one
27              month in May 2021 and did not report depression and anxiety to her
                physician at that time because she was being seen for annual
28              physical examinations, but started again prior to the hearing August

                                          2

1
2
3

> 2021. There is also a possibility, given her communication limitations and documented confusion during questioning that she failed to report she was taking medication and/or was experiencing depression and anxiety symptoms. Again, it is unclear from the record and from her testimony.

4   (*Id.* at 14-15.)  Plaintiff concludes the matter should be remanded for additional administrative

5   proceedings related to her psychological treatment and symptoms.  (*Id.* at 15-16.)

6         The Commissioner filed a response to the objections, maintaining the decision should be

7   affirmed.  (Doc. 26.)  The Commissioner contends "no doctor's opinion is required to validate an

8   RFC finding, and "several decisions within this district have reaffirmed this principle."  (*Id.*,

9   citing *Perez v. Comm'r of Soc. Sec.,* 2023 WL 4023997, at *14 (E.D. Cal. June 15, 2023); *Xiong*

10  *v. Comm'r of Soc. Sec.*, 2023 WL 4022925, at *3 (E.D. Cal. June 15, 2023); *Jones v. Kijakazi*,

11  No2023 WL 3955679, at *6 (E.D. Cal. June 12, 2023); *Flores v. Kijakazi*, 2023 WL 3931719, at

12  *3 (E.D. Cal. June 9, 2023); *Karl v. Kijakazi*, 2023 WL 3794334, at *6 (E.D. Cal. June 1, 2023).

13  The Commissioner asserts that "regardless of what authority Judge Baker cited, the Ninth Circuit

14  has recognized that a claimant's use of psychiatric medication—or lack thereof—is a valid factor

15  that an ALJ may consider in determining the severity of an alleged mental impairment."  (*Id.* at 3,

16  citing *Wilson v. Colvin*, 583 F. App'x 649, 651 (9th Cir. 2014); *Leitner v. Comm'r Soc. Sec.*, 361

17  F. App'x 876, 877 (9th Cir. 2010).  The Commissioner also argues that the record was not

18  ambiguous, but even if it was, "the record was adequate to make a decision."  (*Id.* at 3-4.)

19  Furthermore, the Commissioner contends any error at step two was harmless "because the ALJ

20  considered Plaintiff's alleged mental impairments later in the sequential evaluation and in

21  assessing her RFC."  (*Id.* at 4, citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).)

22  **III.    Discussion and Analysis**

23         A district judge may "accept, reject or modify, in whole or in part, the findings and

24  recommendations..."  28 U.S.C. § 636(b)(1).  If objections are filed, "the court shall make a de

25  novo determination of those portions of the report or specified proposed finding or

26  recommendations to which objection is made."  *Id.*  A de novo review requires the court to

27  "consider[] the matter anew, as if no decision had been rendered."  *Dawson v. Marshall*, 561 F.3d

28  930, 932 (9th Cir. 2009).

1          **A.     Duty to develop the record**

2          The law imposes a duty to develop the record only in limited circumstances. 20 C.F.R. §§

3   404.1512(d)-(f), 416.912(d)-(f) (recognizing a duty on the agency to develop medical history,

4   contact medical sources, and arrange a consultative examination if the evidence received is

5   inadequate for a disability determination).  The duty to develop the record is "triggered only when

6   there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of

7   the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see also Tonapetyan v.*

8   *Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001) ("[a]mbiguous evidence, or the ALJ's own finding

9   that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's

10  duty to conduct an appropriate inquiry").

11         Contrary to Plaintiff's assertion, a conflict in evidence is not the same as an ambiguity.

12  *See, e.g., Zargi v. Comm'r of Soc. Sec.*, 2009 WL 1505311, at *19 (E.D. Cal. May 27, 2009).

13  Ambiguous evidence "means incapable of explanation," while conflicts in the record can be

14  confronted by the ALJ without additional evidence, including "inconsistencies as resulting from

15  plaintiff's lack of credibility."  *Id.*; *see also Torres v. Comm'r of Soc. Sec.*, 2020 WL 5820610, at

16  *8 (E.D. Cal. Sept. 30, 2020) ("Simply because various opinions present a conflict does not mean

17  any particular opinion is ambiguous such as would trigger the … duty to develop the record").

18  The purported conflict—between Plaintiff's testimony that she was taking medication for

19  depression at the time of the hearing and the treatment notes indicating Plaintiff denied anxiety

20  and depression—does not render the record ambiguous.[1]  The ALJ also did not find the record was

21  inadequate to evaluate the evidence, and the ALJ confronted conflicts in the record.[2]  Therefore,

22  Plaintiff fails to show the ALJ's duty to develop the record was triggered.  *See Tonapetyan,* 242

23  F.3d at 1150; *see also Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

24

25  _____

[1] The Court declines to speculate, as Plaintiff would have it, that Plaintiff was merely mistaken that she was not suffering from anxiety and depression, or that confusion could be the reason she reported not taking medication. Indeed, the record indicates Plaintiff's *doctor* identified each of her prescriptions, and indicated that Plaintiff was

26  "not taking medication" for depression.  (*See* Doc. 12-1 at 39-40, emphasis omitted.)

[2] The ALJ acknowledged that "[a]t the time of the hearing, [Plaintiff] was taking medications for

27  hypertension and depression."  (Doc. 12-1 at 23.)  Nevertheless, the ALJ found Plaintiff's statements concerning the limiting effects of her impairment were "not entirely consistent with the medical evidence and other evidence in the

28  record," and rejected Plaintiff's subjective statements.  (*Id.* at 23-24.)  This determination was not challenged by Plaintiff in her opening brief.

1

**B.      Step two analysis**

2     The inquiry at step two is a *de minimus* screening for severe impairments "to dispose of

3 groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) citing *Bowen v.*

4 *Yuckert*, 482 U.S. 137, 153-54 (1987).  The purpose is to identify claimants whose medical

5 impairment makes it unlikely they would be disabled even if age, education, and experience are

6 considered.  *Bowen*, 482 U.S. at 153.  At step two, a claimant must make a "threshold showing"

7 that (1) she has a medically determinable impairment or combination of impairments and (2) the

8 impairment or combination of impairments is severe.  *Id.* at 146-47; *see also* 20 C.F.R. §§

9 404.1520(c), 416.920(c).  For an impairment to be "severe," it must significantly limit the

10 claimant's physical or mental ability to do basic work activities, or the "abilities and aptitudes

11 necessary to do most jobs."  20 C.F.R. §§ 404.1520(c), 416.920(c).

12     Plaintiff identifies evidence she contends supports a determination that her medically

13 determinable mental impairments are severe.  (*See* Doc. 17 at 6-16; Doc. 25 at 3-13.)  However,

14 the ALJ considered the medical and testimonial evidence related to Plaintiff's major depressive

15 disorder and anxiety disorder, and found Plaintiff had no more than mild limitations in the four

16 functional areas identified in the "Paragraph B" criteria, as set forth in 20 C.F.R., Pt. 404, Subpart

17 P, App. 1 to evaluate the mental impairments of a claimant.  (Doc. 12-1 at 20-22.)  For example,

18 the ALJ considered that Plaintiff's statements concerning the severity of her symptoms, but noted

19 Plaintiff had not sought mental health treatment, and the treatment notes from Dr. Pannu, "her

20 primary care provider,… indicate[d] that she denies anxiety and depression" and was not taking

21 any medications for depression. (*Id.* at 20-21, citing Ex. 5F/5 [*Id.* at 40].)  The  lack of treatment

22 is a proper consideration by the ALJ in evaluating the severity of a Plaintiff's impairment(s).[3]  *See*

23 *Ivy v. Comm'r of Soc. Sec.*, 2011 WL 2038579, at *10 (E.D. Cal. May 24, 2011) (finding the

24 ALJ's conclusion that the claimant's depression was not severe at step two was supported by the

25

26          [3] Plaintiff contends the magistrate judge erroneously relied on *Tomassetti* in finding the ALJ properly
considered this factor.  However, a review of the decision indicates the ALJ was addressing Plaintiff's subjective
statements to the consultative examiner regarding the severity of her depression, prior to performing the "Paragraph

27 B" analysis..  (*See* Doc. 12-1 at 20.)  In *Tomassetti*, the Court indicated failure to seek treatment permits the inference
that a claimant's symptoms were not as severe as reported.  *Id.*, 533 F.3d at 1039.  It does not appear the magistrate

28 judge's reliance on *Tomasetti* was misplaced, even if the analysis related to a different step of the sequential
evaluation, as the issue related to the claimant's subjective statements.

record where the "plaintiff never sought any kind of mental health treatment, nor did he

consistently take medications for any psychiatric condition"). Although Plaintiff contends the

evidence concerning her depression and anxiety may be interpreted differently—including

possible reasons why she did not report depression and anxiety to her physician, or take

medication— "[w]hen the evidence before the ALJ is subject to more than one rational

interpretation, [the court] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec*.

*Admin*., 359 F.3d 1190, 1193 (9th Cir. 2004).

### C.      Evaluation of Dr. Livesay's opinion

The regulations[4] direct ALJs to determine how persuasive a medical opinion is according

to the following factors: supportability, consistency, relationship with the claimant, specialization,

and other factors showing the medical source's "familiarity with … other evidence in the record

or an understanding of [the] disability program's policies and evidentiary requirements." 20

C.F.R. §§ 404.1520c(c)(1)-(5). An ALJ is required to discuss supportability and consistency,

which are the most important factors "when evaluating the persuasiveness of medical opinions."

*Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see also*

20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and

consistency factors for a medical source's medical opinions or prior administrative medical

findings in your determination or decision. We may, but are not required to, explain how we

considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source

supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32

F.4th at 791-792 (internal quotation marks omitted). The regulations provide: "The more relevant

the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more

persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §

416.920c(c)(1). Consistency compares an opinion with other evidence to determine its

---

[4] Plaintiff filed her application on November 13, 2019. (Doc. 12 at 17.) Because her application was filed
after March 27, 2017, her application is governed by the revised regulations governing analysis of medical evidence.

1  persuasiveness. *See Woods*, 32 F.4th at 792.  With the "consistency" factor, the regulations

2  explain: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is

3  with the evidence from other medical sources and nonmedical sources in the claim, the more

4  persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §

5  416.920c(c)(2).  The Ninth Circuit observed that an ALJ must explain how both the supportability

6  and consistency factors were considered, and "[e]ven under the new regulations, an ALJ cannot

7  reject an examining or treating doctor's opinion as unsupported or inconsistent without providing

8  an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

9       Plaintiff contends the ALJ erred in rejecting the limitations identified by Dr. Livesay, who

10  performed a consultative psychological examination.  (Doc. 17 at 16-21.)  The ALJ summarized

11  the opinions of Dr. Livesay as follows:

12
13
14
15
16
17
> Dr. Livesay opined that the claimant's ability to perform simple and repetitive tasks was mildly impaired; her ability to perform detailed and complex tasks was moderately impaired; her ability to accept instructions from supervisors was unimpaired; her ability to interact with coworkers and the public was mildly impaired; her ability to perform work activities on a consistent basis without special or additional instruction is mildly impaired; her ability to maintain regular attendance and complete a normal workday/workweek without interruptions from a psychiatric condition was moderately impaired and her ability to deal with the usual stress encountered in the workplace was markedly impaired.

18  (*Id.* at 26.)  The ALJ found these opinions were supported by the examination findings.  (*Id.*)

19  However, the ALJ found the limitations identified were "not consistent" with other evidence in

20  the record, which relates to the consistency factor.  (*Id.*)  For example, the ALJ noted Plaintiff

21  "denied symptoms of depression and anxiety when she saw her regular treatment provider."  (*Id.*,

22  citing Ex. 12F [*Id.* at 439-459].)  Thus, the ALJ found the opinion was inconsistent with Dr.

23  Pannu's treatment notes, which post-dated Dr. Livesay's examination.  (*Id.*)  This evidence

24  supports the ALJ's analysis and finding that the opinions of Dr. Livesay were not persuasive. *See*

25  *Ferreira v. Kijakazi*, 2023 WL 2815735, at *4 (E.D. Cal. Apr. 5, 2023) (a finding that "opined

26  limitations were not consistent with the treatment record… expressly invokes the consistency

27  factor"); *see also Ernest C. v. Kijakazi*, 2022 U.S. Dist. LEXIS 112341, at *20 (C.D. Cal. June

28  24, 2022) (finding the ALJ properly considered the consistency factor where the ALJ considered

7

1    Plaintiff's statements regarding treatment).  Accordingly, the Court finds the ALJ properly

2    explained the supportability and consistency factors under the revised regulations in evaluating

3    the opinion of Dr. Livesay.

4    **IV.    Conclusion and Order**

5          Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this

6    case.  Having carefully reviewed the entire file—including Plaintiff's objections and Defendant's

7    response thereto—the Court concludes the Findings and Recommendations are supported by the

8    record and by proper analysis.  Because the ALJ applied the proper legal standards and the

9    decision is supported by substantial evidence, the administrative decision must be affirmed. *See*

10   *Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).  Based upon the

11   foregoing, the Court **ORDERS**:

12        1.       The Findings and Recommendations issued on June 24, 2023 (Doc. 24) are

13                 adopted in full.

14        2.       Plaintiff's motion for summary judgment (Doc. 17) is denied.

15        3.       The decision of the Commissioner of Social Security is affirmed.

16        4.       The Clerk of the Court is directed to enter judgment in favor of Defendant Kilolo

17                 Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Maninder

18                 Kaur, and to close this case.

19
20   IT IS SO ORDERED.

21       Dated:    **September 26, 2023**
                                                        _____
                                                        UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28